UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Ellering; Karen Ellering; Select Associates Realty, LLC; EJK, Inc.,<br><br>        Plaintiffs,<br>v.<br><br>Sellstate Realty Systems Network, Inc.; Arthur Darmanin; Neil Cresswell; Michael Krein,<br><br>        Defendants. | Civil File No.: 10-cv-01025 (RHK/RLE)<br><br>**DEFENDANTS SELLSTATE REALTY SYSTEMS NETWORK, INC., ARTHUR DARMANIN AND NEIL CRESSWELL'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Defendants, SELLSTATE REALTY SYSTEMS NETWORK, INC. ("SELLSTATE REALTY"), ARTHUR DARMANIN ("DARMANIN") and NEIL CRESSWELL ("CRESSWELL"), by and through their undersigned counsel, hereby submit the following as their Answer and Affirmative Defenses and Counterclaim to the Second Amended Complaint filed by the Plaintiffs, John Ellering, Karen Ellering, Select Associates Realty, LLC and EJK, Inc., and state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted.

2. Admitted.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Admitted.

6.  First sentence of paragraph 6 is admitted. Second sentence of paragraph 6 is denied.

7.  First sentence of paragraph 7 is admitted. Second sentence of paragraph 7 is denied.

8.  Admitted that Krein was the Executive Director of National Franchising for Sellstate and admitted as to citizenship. Denied as to the remainder of this paragraph.

9.  Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted as to real estate experience. Without knowledge as to the remaining allegations of this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge as to the Plaintiffs' state of mind, therefore, denied.

34. Denied.

35. Admitted that an Area Representative Agreement was executed on or about February 9, 2007.  Denied as to the remaining allegations of this paragraph.

36. The terms of the Agreement speak for themselves.

37. The terms of the Agreement speak for themselves.

38. Admitted.

39. Admitted.

40. The terms of the Agreement speak for themselves.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted as to the letter sent and its content. Denied as to the remainder of this paragraph.

49. Denied.

50. Denied.

## COUNT I
## FRAUD IN THE INDUCEMENT

51. SELLSTATE REALTY, DARMANIN and CRESSWELL repeat and reallege their responses to paragraph 1 through 50 as if fully stated herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT II
## NEGLIGENT MISREPRESENTATION AND NEGLIGENT OMISSIONS

60. SELLSTATE REALTY, DARMANIN and CRESSWELL repeat and reallege their responses to paragraph 1 through 50 as if fully stated herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT III
## RESCISSION

69. SELLSTATE REALTY repeats and realleges its responses to paragraph 1 through 50 as if fully stated herein.

70. Denied.

71. Denied.

72. Denied.

## COUNT IV
## BREACH OF THE AREA REPRESENTATIVE AGREEMENT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

73. SELLSTATE REALTY repeats and realleges its responses to paragraph 1 through 50 as if fully stated herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT V
## BREACH OF THE FRANCHISE AGREEMENT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

78. SELLSTATE REALTY repeats and realleges its responses to paragraph 1 through 50 as if fully stated herein.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT VI
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

83. SELLSTATE REALTY, DARMANIN and CRESSWELL repeat and reallege their responses to paragraph 1 through 50 as if fully stated herein.

84. Admitted that this Count purports to state a cause of action, but denied that Plaintiffs are entitled to the relief requested.

85. Admitted.

86. Admitted as to the language of the Statute.

87. Denied.

88. Admitted.

89. The Statute and Rule speak for itself.

90. The Statute and Rule speak for itself.

91. Denied.

92. Denied.

93. Denied.

6

## COUNT VII
## VIOLATION OF FLORIDA FRANCHISE ACT

94. SELLSTATE REALTY, DARMANIN and CRESSWELL repeat and reallege their responses to paragraph 1 through 50 as if fully stated herein.

95. Admitted that this Count purports to state a cause of action, but denied that Plaintiffs are entitled to the relief requested.

96. Admitted.

97. Denied.

98. Denied.

## COUNT VIII
## VIOLATION OF MINNESOTA FRANCHISE ACT

99. SELLSTATE REALTY, DARMANIN and CRESSWELL repeat and reallege their responses to paragraph 1 through 50 as if fully stated herein.

100. Admitted that this Count purports to state a cause of action, but denied that Plaintiffs are entitled to the relief requested.

101. Without knowledge therefore, denied.

102. Without knowledge therefore, denied.

103. Without knowledge therefore, denied.

104. Without knowledge therefore, denied.

105. Without knowledge therefore, denied.

106. Without knowledge therefore, denied.

107. Denied.

108. Denied.

109.   Without knowledge therefore, denied.

## COUNT IX

110. - 115.   This Count is not directed to Defendants SELLSTATE REALTY, DARMANIN or CRESSWELL, therefore, no response is necessary.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to the Second Amended Complaint, SELLSTATE REALTY, DARMANIN and CRESWELL affirmatively state as follows:

1.   Plaintiffs have failed to state a cause of action for fraud in the inducement, misrepresentation, violations of the Florida Deceptive and Unfair Trade Practices Act, Rescission and violations of the Florida Franchise Act since any alleged misrepresentation or misrepresentations were covered and expressly contradicted by the written contracts between the parties.

2.   The Plaintiffs cannot prevail on their claims because the Plaintiffs did not justifiably rely on any alleged misrepresentations.

3.   The Plaintiffs' claims for breach of contract are barred or estopped due to the Plaintiffs prior breach of the contracts between the parties.

4.   The Plaintiffs are not entitled to a jury trial on their claim for rescission or any other equitable claim.

5.   The Plaintiffs are not entitled to a jury trial due to a contractual waiver of jury trial.

6.   Rescission is not an appropriate remedy where there are available damages for breach of contract.

7. The Plaintiffs' tort claims are barred pursuant to the Economic Loss Rule.

8. Plaintiffs cannot recover consequential damages for violations of the Florida Deceptive and Unfair Trade Practices Act.

9. The Plaintiffs have failed to state a cause of action that would make DARMANIN or CRESSWELL individually liable. They have failed to show conduct or actions wherein it would be appropriate to pierce the corporate veil.

10. The Plaintiffs have failed to state a cause of action since the allegations contradict the clear terms of the parties' contracts.

11. Venue is not appropriate in this Court since the Plaintiffs had previously filed their claims in state court in Florida. Upon their removal to the United States District Court, Middle District of Florida, the Plaintiffs filed and served an Amended Complaint. A motion to dismiss the Amended Complaint was pending at the time the Plaintiffs voluntarily dismissed their lawsuit and refiled in this Court. The Plaintiffs' filing of the instant lawsuit constitutes impermissible forum shopping. As a result, this lawsuit should be dismissed or venue transferred back to the Middle District of Florida.

12. SELLSTATE REALTY, DARMANIN and CRESSWELL reserve the right to assert additional affirmative defenses as they are revealed during discovery.

WHEREFORE, SELLSTATE REALTY, DARMANIN and CRESSWELL respectfully request that this Court enter an order dismissing the Plaintiffs' Complaint with prejudice as to these Defendants, award appropriate attorneys' fees and costs and grant such other further relief as this Court deems just and appropriate under the circumstances.

## COUNTERCLAIM

The Defendant/Counter-Plaintiff, SELLSTATE REALTY SYSTEMS NETWORK, INC., ("SELLSTATE REALTY"), through its undersigned counsel files this Counterclaim against the Plaintiffs/Counter-Defendants, JOHN ELLERING, KAREN ELLERING, SELECT ASSOCIATES REALTY, LLC and EJK, INC., and states as follows:

### Jurisdiction and Venue

1. This is a compulsory counterclaim as provided by F.R.C.P. 13.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 since the matter in controversy is between citizens of different States and the amount in controversy exceeds $75,000.

3. SELLSTATE REALTY is a Florida corporation authorized to do, and conducting, business in Lee County, Florida.

4. Upon information and belief, JOHN ELLERING and KAREN ELLERING are citizens of the State of Minnesota.

5. Upon information and belief, SELECT ASSOCIATES REALTY, LLC ("SELECT ASSOCIATES") is a Minnesota limited liability corporation.

6. Upon information and belief, EJK, INC. is a Minnesota corporation

### General Allegations

7. Founded in 2001 in Fort Myers, Florida, SELLSTATE REALTY is now a nationwide real estate company.

8. SELLSTATE REALTY was founded, in part, to develop a unique business model for real estate agents and brokers that differed from the traditional commission split model.

9. SELLSTATE REALTY offers and sells Sellstate franchises, and provides to its franchisees the right to use the "Sellstate" trade name, trademark and operating procedures for a real estate office. In addition, SELLSTATE REALTY provides service, support and administration functions inherent in operating the Sellstate system.

10. SELLSTATE REALTY offers franchisees the opportunity to open real estate offices under the Sellstate name using unique and proprietary programs developed by SELLSTATE REALTY.

11. SELLSTATE REALTY also offered area representative rights, whereby SELLSTATE REALTY delegates to the area representative certain of the servicing and support obligations of the franchisor to the franchisee.

12. JOHN ELLERING and KAREN ELLERING are experienced businesspersons in the real estate business in Minnesota.

13. In November 2006, based upon earlier contact with SELLSTATE REALTY, JOHN ELLERING and KAREN ELLERING received an email from SELLSTATE REALTY advising them of opportunities to become affiliated with the Sellstate business.

14. JOHN ELLERING and KAREN ELLERING conducted additional research and due diligence on SELLSTATE REALTY and, as a result, desired to meet with individuals at SELLSTATE REALTY to discuss business opportunities that they could bring to Minnesota.

15. During the earliest contacts, JOHN ELLERING and KAREN ELLERING discussed with SELLSTATE REALTY the process by which they could become an Area Representative for SELLSTATE REALTY.

16. JOHN ELLERING and KAREN ELLERING provided to SELLSTATE a business plan for development of the Sellstate businesses in Minnesota, as Area Representatives and Franchisees for SELLSTATE REALTY.

17. In their business plan, JOHN ELLERING and KAREN ELLERING identified several goals and objectives they hoped to achieve with SELLSTATE REALTY, including:

   a. To recruit real estate agents for the Franchise;

   b. To recruit and sell four franchises within Minnesota;

   c. As franchise owners, to recruit and train at least 75 real estate agents within 24 months;

   d. To become one of the top brokerage firms in the area by the third year of operation; and

   e. To realize a positive return on investment within the first 12 months.

18. On February 9, 2007, JOHN ELLERING and KAREN ELLERING executed an Area Representative Agreement with SELLSTATE REALTY. A copy of the Area Representative Agreement is attached as Exhibit A.

19. As part of the Area Representative Agreement, JOHN ELLERING and KAREN ELLERING agreed to certain performance-related goals, including, without limitation, goals concerning the number of franchised locations within their territory (State of Minnesota) and the number of salespersons within their territory.

20. As consideration for the Area Representative Agreement, JOHN ELLERING and KAREN ELLERING agreed to pay to SELLSTATE REALTY the total amount of $168,000.

21. JOHN ELLERING and KAREN ELLERING paid $55,440 to SELLSTATE REALTY. The balance of the consideration was payable in the form of a promissory note.

22. The promissory note was signed by JOHN ELLERING and KAREN ELLERING and obligated them to pay to SELLSTATE REALTY the sum of $112,560.00 in twenty-four monthly installments beginning on March 15, 2007 (hereinafter referred to as the 2007 Promissory Note). A copy of the 2007 Promissory Note is attached hereto as Exhibit B.

23. JOHN ELLERING and KAREN ELLERING thereafter assigned the Area Representative Agreement to their corporation, EJK, Inc., as permitted by the Area Representative Agreement. That Agreement, however, specifically recited that any assignment did not relieve JOHN ELLERING and KAREN ELLERING of their personal obligations under the agreement.

24. In furtherance of their business plan with SELLSTATE REALTY, on June 25, 2007, JOHN ELLERING and KAREN ELLERING, on behalf of their corporation, SELECT ASSOCIATES, signed a Franchise Agreement with SELLSTATE REALTY, a copy of which is attached as Exhibit C.

25. Under the terms of the Franchise Agreement, SELLSTATE REALTY provided to JOHN ELLERING and KAREN ELLERING the license and rights to operate a Sellstate franchised real estate brokerage business in Roseville, Minnesota.

26. In December, 2007, JOHN ELLERING and KAREN ELLERING stopped making any further payments to SELLSTATE REALTY on the 2007 Promissory Note.

27. On March 26, 2008, JOHN ELLERING provided notice to SELLSTATE REALTY that they would resume making payments to SELLSTATE REALTY beginning in September, 2008, including payment of all arrearages owed.

28. In November, 2008, JOHN ELLERING and KAREN ELLERING notified SELLSTATE REALTY that they were terminating their agreements. JOHN ELLERING and KAREN ELLERING, however, continued to operate a real estate business out of the same location where they had been doing business as a SELLSTATE REALTY operation.

29. JOHN ELLERING and KAREN ELLERING failed to cure the defaults of the Area Representative Agreement and 2007 Promissory Note. As a result, SELLSTATE REALTY accelerated the amounts payable pursuant to the 2007 Promissory Note.

30. SELLSTATE REALTY has retained the undersigned counsel and is obligated to pay a reasonable fee for his services.

31. All conditions precedent to the maintenance of this action have been fulfilled or waived.

### COUNT 1
### (Breach of Contract - Area Representative Agreement)

32. This is an action for damages in excess of $75,000 for breach of contract.

33. SELLSTATE REALTY repeats and realleges paragraphs 1 through 21, 23, 26, 27, 28, 29, 30 and 31 as if fully set forth herein.

34. EJK, INC., JOHN ELLERING and KAREN ELLERING breached by the Area Representative Agreement.

35.     As a result of the breach, SELLSTATE REALTY has been damaged.

36.     The Area Representative Agreement provides for the recovery of attorneys fees to the prevailing party in connection with any legal action.

WHEREFORE, SELLSTATE REALTY demands judgment for damages against EJK, INC., JOHN ELLERING and KAREN ELLERING jointly and severally, on the Area Representative Agreement, together with its costs, attorneys' fees and such other and further relief as this Court deems just and appropriate under the circumstances.

### COUNT 2
### (Breach of Contract - Franchise Agreement)

37.     This is an action for damages in excess of $75,000 for breach of contract.

38.     SELLSTATE REALTY repeats and realleges paragraphs 1 through 17, 24, 25, 26, 27, 28, 29, 30 and 31 as if fully set forth herein.

39.     SELECT ASSOCIATES, JOHN ELLERING and KAREN ELLERING breached the Franchise Agreement with SELLSTATE REALTY.

40.     As a result of the breach, SELLSTATE REALTY has been damaged.

41.     The Franchise Agreement provides for the recovery of attorneys fees to the prevailing party in connection with any legal action.

WHEREFORE, SELLSTATE REALTY demands judgment for damages against SELECT ASSOCIATES, JOHN ELLERING and KAREN ELLERING jointly and severally, on the Franchise Agreement, together with its costs, attorneys' fees and such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT 3
### (Promissory Note - 2007 Promissory Note)

42.     This is an action for damages in excess of $75,000 for money due on a promissory note.

43.     SELLSTATE REALTY repeats and realleges paragraphs 1 through 17, 20, 21, 22, 26, 28, 29, 30 and 31 as if fully set forth herein.

44.     SELLSTATE REALTY owns and holds the 2007 Promissory Note.

45.     JOHN ELLERING and KAREN ELLERING defaulted under the terms of the 2007 Promissory Note by failing to make the payment due on January 15, 2008 and all subsequent payments.

46.     SELLSTATE REALTY declares the full amount payable under the 2007 Promissory Note to be due.

47.     JOHN ELLERING and KAREN ELLERING owe SELLSTATE REALTY the principal sum of $51,070.00 on the 2007 Promissory Note, plus late fees and interest from the date of default.

48.     Under the terms of the 2007 Promissory Note, JOHN ELLERING and KAREN ELLERING are liable for attorneys' fees incurred by SELLSTATE REALTY.

WHEREFORE, SELLSTATE REALTY demands judgment against JOHN ELLERING and KAREN ELLERING, jointly and severally, for damages on the 2007 Promissory Note, together with its costs, attorneys' fees and such other and further relief as this Court deems just and appropriate under the circumstances.

**I.** Dated: June 21, 2010     **II.**     BEST & FLANAGAN LLP

By *s/Robert L. Meller*

Robert L. Meller (#71912)
Alison L. Olig (#389233)
225 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-4331
(612) 339-7121

Attorneys for Defendants/Counter-Plaintiffs
Sellstate Realty Systems Network, Inc., Arthur
Darmanin, and Neil Cresswell


AND

HENDERSON, FRANKLIN, STARNES & HOLT

Scott A. Beatty (Florida Bar No. 0084638)
(*Seeking Admission Pro Hac Vice*)
Attorneys for Defendants/Counter-Plaintiffs
Sellstate Realty Systems Network, Inc., Arthur
Darmanin, and Neil Cresswell
Fort Myers, Florida 33902-0280
Phone:     239.344.1169
Facsimile: 239.344.1536
E-mail:     scott.beatty@henlaw.com

012441/970853/1201752_1