UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Ellering; Karen Ellering; Select Associates Realty, LLC; EJK, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Sellstate Realty Systems Network, Inc.; Arthur Darmanin; Neil Cresswell; Michael Krein,<br><br>Defendants. | Civil File No.: 10-cv-01025 (RHK/LIB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL KREIN'S MOTION TO DISMISS COMPLAINT** |

## INTRODUCTION

In connection with the Motion to Dismiss, Defendant Michael Krein hereby submits his memorandum of law.

## FACTUAL BACKGROUND

Viewing the complaint in the light most favorable to the Plaintiffs, the crux of the Complaint against Krein rests on the allegations that Krein, by executing a contract with Sellstate Realty Services Network, Inc. ("Sellstate"), intentionally and unjustifiably interfered with the existing contracts and agreements between the Plaintiffs and Sellstate. The agreements between the Plaintiffs and Sellstate deal with the expansion and operation of a real estate brokerage business under the trade name "Sellstate," including the solicitation of prospective franchisees to conduct business using the Sellstate system. In February, 2007, the Plaintiffs executed their first

Agreement with Sellstate, an Area Representative Agreements whereby Sellstate granted to the Plaintiffs the right to represent Sellstate in producing prospective franchisees to operate real estate business brokerages using the Sellstate trade name and system in Minnesota. (Comp. ¶¶ 35-36). The Plaintiffs then executed their own Franchise Agreement with Sellstate on June 25, 2007. (Comp. ¶ 39).

Two months after the Plaintiffs signed the Option Agreement, Sellstate and Krein executed a Franchise Sales Representative Agreement (hereinafter the "Krein Agreement") that granted area representative rights to Krein for the entire United States, less and except any areas covered under area representative agreements. Affidavit of Robert L. Meller, Ex. A. Specifically, the Krein Agreement states that:

> You [Krein] understand that we offer area representative rights on an exclusive basis to area representatives. We will provide you a list of those area representatives and their respective exclusive territories. Before you can offer a franchise to a person to be located in an area already granted to an area representative, the parties must reach a satisfactory agreement with the area representative in whose territory the franchise will be located.
>
> * * *
>
> [Y]ou [Krein] will be allowed to continue to offer franchises to potential franchisees under this Agreement directly within the United States of America, except . . . where we have granted an Area Representative Agreement we will be required to obtain approval from the Area Representative . . . .

Ex. A, Sections 1(a) and 5(a).

Now, despite the clear language of the Krein Agreement, the Plaintiffs allege that it constitutes an intentional and unjustified interference with their contracts and agreements with Sellstate.

## LEGAL ARGUMENT

### I. STANDARD

The court must grant a motion to dismiss if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). Similarly, to survive a motion to dismiss, the facts of the Complaint must be sufficient "to raise a right to relief above the speculative level." Id. at 555 (citations omitted). "[T]he complaint must include sufficient factual allegations to provide the grounds on which the claim rests". Id, at 555 (citations omitted). A district court is not required to divine the litigant's intent and create claims that are not clearly raised, and the court need not conjure up unpled allegations to save a complaint. Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004); Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006).

### II. PURSUANT TO RULE 12(B)(6), THE CLAIM FOR TORTIOUS INTERFERENCE AGAINST KREIN MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

The Plaintiffs cannot prevail as a matter of law on their claim against Krein because they cannot plead any set of facts that would support a claim for tortious interference.

A claim of tortious interference with contract has five elements: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages. Kjesbo v. Ricks, 517 N.W.2d 585, 588 (Minn. 1994). The Plaintiffs' claim fails because they have not alleged, nor could they ever show, facts sufficient to prove that Krein intentionally and unjustifiably interfered with any contracts between Sellstate and the Plaintiffs.

### A. The Terms of the Krein Agreement Expressly Contradict the Allegations of Interference Pled in the Complaint.

#### 1. This Court Should Review and Consider the Agreement between Krein and Sellstate in Order to Determine Whether the Plaintiffs Have Stated a Cause of Action.

In their Complaint, the claim against Krein is based solely on his status as the Executive Director of National Franchising for Sellstate. Accordingly, the Krein Agreement, which purports to give Krein national area representative rights is central to the Plaintiffs claim. Specifically, the Plaintiffs allege:

> Krein's agreement with Sellstate permitted him to execute Sellstate Franchise and/or Area Representative Agreements with prospective franchisees within the state of Minnesota – EJK and the Ellerings' exclusive territory.

(Comp. ¶ 43). Additionally, the Plaintiffs further allege:

> The agreement between Krein and Sellstate . . . resulted in a breach of EJK's Area Development Agreement.

(Comp. ¶ 47).

Here, the Plaintiffs opted not to attach a copy of the Krein Agreement to its Complaint. However, since the contract is central to the claim against Krein (and, indeed, is the *only* alleged basis for the claim against Krein), it is proper for this Court to consider the actual agreement in considering the merits of this motion to dismiss. See <u>Stahl v. United States Dep't of Agric.</u>, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss") (citations omitted); see also <u>Vizenor v. Babbitt</u>, 927 F. Supp. 1193, 1198 (D. Minn. 1996) ("When plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading")(quotation omitted). A review of the Krein Agreement shows that the Plaintiffs cannot obtain relief against Krein.

### 2. The Terms of the Krein Agreement Expressly Contradict the Allegations of Interference Pled in the Complaint.

As noted above, the Plaintiffs base their claim of interference upon the Krein Agreement that purports to grant to Krein representative rights throughout the United States and in derogation of the exclusivity provisions of the Plaintiffs' contracts with Sellstate. (Comp. ¶¶ 43, 44, 47). Here, the Krein Agreement specifically states that Krein's "national territory" does not include or infringe upon any existing area representative agreement and that before Krein can offer any franchise or area representative rights in any area already granted to an area representative, the area representative must agree. Ex. A, pp. 1-2. This language shows that there was no

interference within the Plaintiffs' territories because those territories were specifically carved out of the Krein Agreement. Because the Plaintiffs cannot prove that Krein interfered with their exclusive territory, this Court must dismiss the claim against Krein.

### B. Given Krein's Status as an Agent of Sellstate, the Plaintiffs Cannot Prove that any Alleged Interference was Unjustified.

As cited above, in order to prevail on a claim for tortious interference, the Plaintiff must allege five elements, including an intentional and unjustified interference. Kjesbo, 517 N.W.2d at 588. In addition to the foregoing argument that there was no interference, the Plaintiffs cannot allege any set of facts that would prove that any alleged interference was unjustified.

In order to properly allege and prove an unjustifiable interference, the interfering defendant must not be an agent of one of the contracting parties acting within the scope of his duties. Ferguson v. Michael Foods, 74 F. Supp. 2d 862, 874 (D. Minn. 1999). In Ferguson, the court stated:

> The general rule is that a corporate officer or agent cannot interfere with a contract that his company has entered into. The reason for this rule is that if a corporation's officer or agent acting pursuant to his company duties terminates or causes to be terminated an employee, the actions are those of the corporation; the employee's dispute is with the company employer for breach of contract, not the agent individually for a tort. Nonetheless, a corporate officer may be liable for tortious interference with contract if the acts are outside the scope of the officer's duties. The critical factor in determining if a corporate officer has acted outside the officer's duties is the presence of malice or bad faith, ill-will, spite, hostility, or a deliberate intent to harm the plaintiff.

Id. (internal quotations and citations omitted).

Here, the Plaintiffs alleged that Krein is "the Executive Director of National Franchising for Sellstate, and is therefore *a Sellstate insider with personal knowledge of Sellstate's business affairs*." (Comp., ¶ 8) (emphasis supplied). Contrary to the legal requirement discussed above, the Plaintiffs have alleged quite the opposite, and claim that Krein is an officer (Executive Director of National Franchising) and *insider* of Sellstate. Additionally, the Plaintiffs fail to allege that Krein acted outside the scope of his duties. In light of Krein's status as an insider and agent of Sellstate, and given Plaintiffs failure to allege any actions outside of the scope of Krein's duties, the Plaintiffs may not maintain an action for tortious interference against him.

### III. CONCLUSION.

Based upon the foregoing, there can be no doubt that the Plaintiffs have failed to state a cause of action upon which relief can be granted against Krein because Krein is not alleged to be a acting outside the scope of his authority, and because the allegations of interference are contradicted by the plain language of the Krein Agreement. The Plaintiffs have not pled, nor can they allege any facts that state the elements of a cause of action. Accordingly, Krein respectfully requests that this Court dismiss the Complaint against him, award any reasonable costs and award such other and further relief as this Court deems just and proper under the circumstances.

Dated: October 21, 2010	BEST & FLANAGAN LLP

By *s/Robert L. Meller*

Robert L. Meller (#71912)
225 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-4331
(612) 339-7121

AND

HENDERSON, FRANKLIN, STARNES & HOLT

Scott A. Beatty (Florida Bar # 0084638)
(*Admitted Pro Hac Vice*)
1715 Monroe Street
P.O. Box 280
Fort Myers, Florida 33902-0280
(239) 344-1169

ATTORNEYS FOR DEFENDANTS
Sellstate Realty Systems Network, Inc., Arthur Darmanin, Neil Cresswell, and Michael Krein

019653/310001/1230519_1