UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| John Ellering; Karen Ellering; Select Associates Realty, LLC; and EJK, Inc., | Court File No.: 10-CV-01025 (RHK/RLE) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MICHAEL KREIN'S MOTION TO DISMISS** |
| Sellstate Realty Systems Network, Inc.; Arthur Darmanin; Neil Cresswell; and Michael Krein, | |
| Defendants. | |

_____

## INTRODUCTION

Pursuant to his Motion, Krein requests that this Court: (i) look beyond the well-pled allegations of the Complaint; (ii) review Krein's Franchise Sales Representative Agreement ("SRA") with Defendant Sellstate Realty Systems Network, Inc. ("Sellstate"); and (iii) then enter an Order dismissing Plaintiffs' tortious interference with contract claim against Krein because such claim is allegedly trumped by Krein's SRA with Sellstate.  Such a request is patently improper on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As fully demonstrated below, and in accordance with the federal rules of civil procedure, Plaintiffs have properly alleged a claim against Krein for tortious interference with contract.  Accordingly, Plaintiffs respectfully request that this Honorable Court enter an Order denying the Motion.

1

# ARGUMENT

### A. Standard Of Review

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must: (i) accept all factual allegations in the complaint as true; (ii) consider the allegations in the light most favorable to the Plaintiff; and (iii) accept all reasonable inferences that can be drawn from such allegations.[1] *See Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

A complaint may not be dismissed under Rule 12(b)(6) unless it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim is plausible on its face where the plaintiff pleads factual content which allows the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained in the complaint. *Daum v. Planit Solutions, Inc.*, 619 F.Supp.2d 652, 656 (D. Minn. May 28, 2009) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965-66 (2007)).

---

[1] Rule 8 of the Federal Rules of Civil Procedure only requires that a Complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8.

As reflected below, Plaintiffs have sufficiently pled a claim against Krein for tortious interference with contract. Thus, Krein's Motion should be denied.

### B. Plaintiffs Have Properly Pled A Claim Against Krein For Tortious Interference With Contract.

A careful review of the allegations in the Complaint reflects that Plaintiffs have sustained their burden and properly stated a claim for tortious interference with contract. To state a claim for tortious interference,[2] Plaintiffs must allege: 1) existence of a contract; (2) Defendant's knowledge of the contract; (3) Defendant's intentional interference with the contract; (4) Defendant's actions were not justified; and (5) Plaintiff suffered damages as a result. *Midwest Great Dane Trailers, Inc. v. Great Dane Ltd. P'ship*, 977 F. Supp. 1386, 1395 (D. Minn. 1997) (*citing Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 832 (8th Cir. 1996)); *Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994).

Here, Plaintiffs have alleged that they executed an Area Representative Agreement with Sellstate on or about February 9, 2007. *See* Complaint, ¶36. Plaintiffs further allege that they were granted the exclusive right to represent Sellstate in soliciting prospective franchisees to operate Sellstate franchised business in the State of Minnesota. *See* Complaint, ¶37. Plaintiffs also allege that "the Ellerings and EJK held an agreement with Sellstate, pursuant to which the Ellerings and EJK owned the **exclusive rights** to procure prospective Sellstate franchisees from franchise locations within the State of Minnesota."

---

[2] Because Plaintiffs' development rights are in Minnesota, this Court must look to the elements of a tortious interference claim under Minnesota law.

Complaint, ¶111 (emphasis supplied).

In support of elements 2 through 5, *supra*, Plaintiffs allege as follows:

In and around July of 2007, Defendant Krein joined Sellstate as its Executive Director of National Financing. Krein was a Sellstate insider who knew of Sellstate's various agreements and contracts, and was specifically aware of the Ellerings' and EJK's Area Representative Agreement with Sellstate;

Krein was a Sellstate insider who knew of Sellstate's various agreements and contracts, and was specifically aware of the Ellerings and EJK's Area Representative Agreement with Sellstate;

Krein intentionally procured a breach of the Area Representative Agreement, and agreed to supplant the [Plaintiffs] and other Sellstate area representatives, by soliciting the sale of prospective Sellstate franchisees throughout the United States, including in Minnesota.

Krein procured the aforementioned breach of the [Plaintiffs'] Area Representative Agreement without justification.

Plaintiffs have suffered significant damages as a result of Krein's tortious conduct.

*See* Complaint, ¶¶42, 112-115.

As reflected above, Plaintiffs have properly stated a claim against Krein for tortious interference with the Area Representative Agreement that Plaintiffs had with Sellstate. By **intentionally soliciting** the sale of prospective Sellstate franchisees in Plaintiffs' exclusive territory, Krein procured a breach of Plaintiffs' Area Representative Agreement with Sellstate which granted Plaintiffs' the exclusive right to solicit prospective franchisees to operate Sellstate franchises in their territory. *See Northern PCS Services, LLC v. Sprint Nextel Corp.*, Case No. CIV052744 (RHK/RLE), 2006 WL 1072075, *4 (D. Minn. 2006) (plaintiff adequately pled that defendant procured a breach

of the Agreement where "[t]he gist of the allegation was that [defendant] was intimately involved in the series of events that led to the execution of the [agreement], which caused (directly and indirectly) a breach of [the plaintiff's agreement]") (*citing Kallok v. Medtronic*, 573 N.W.2d 356, 362 (Minn. 1998)).

Moreover, Plaintiffs have alleged that "during the term of the Ellerings' Area Representative Agreement, Krein actively solicited at least one Minnesota realtor, whom he intended to secure as a franchisee for Sellstate." *See* Complaint, ¶45. Despite this clear abrogation of the Ellerings' **exclusive** rights to solicit franchisees in Minnesota under their Area Representative Agreement, "Defendants Darmanin and Cresswell [on behalf of Sellstate] responded that it was the responsibility of each Sellstate Franchisee and Area Representative to work out a deal with Krein." *See* Complaint, ¶36-37, 46. But for Krein's SRA with Sellstate and his intentional act of soliciting prospective franchisees in Plaintiffs' exclusive territory, Sellstate would not have breached Plaintiffs' Area Representative Agreement. This *demonstrates* that Krein in fact interfered with Plaintiffs' contract with Sellstate. Thus, Krein's contention that "Plaintiffs' claim fails because they have not alleged, nor could they ever show, facts sufficient to prove that Krein intentionally and unjustifiably interfered with any contracts between Sellstate and the Plaintiffs" is completely without merit. *See* Motion, p. 4.

Second, contrary to Krein's position, the fact that he is an agent of Sellstate does

not shield him from a tortious interference claim.[3] Namely, Plaintiffs submit that Krein's tortious conduct of soliciting prospective franchisees in Plaintiffs' exclusive territory is outside the scope of his corporate capacity. *See Nordling v. Northern States Power Co.*, 478 N.W. 2d 498, 505-506 (1991) ("a corporate officer or agent may be liable for tortious contract interference if he or she acts outside the scope of his or her duties") (*citing Bouten v. Richarch Miller Homes, Inc.*, 321 N.W.2d 895, 900-01 (Minn. 1982)). It is axiomatic that Krein's employment with Sellstate did not contemplate for him to engage in conduct, for his own personal benefit, that would cause Sellstate to breach its contractual obligations with others. Thus, arguably, Krein stepped outside his corporate capacity when he tortiously interfered with Plaintiffs' exclusive rights and deprived them of benefiting from their Area Representative Agreement. *Furlev Sales and Associates, Inc.*, 325 N.W.2d at 27 (interference is unjustifiable when it is done for the indirect purpose of injuring the plaintiff or benefiting the defendant) (*citing Stephenson v. Plastics Corp of America*, 276 Minn. 400, 416, 150 N.W.2d 668, 680 (1967)); *Rudnick v. Sears, Roebuck &Co.*, 358 F.Supp.2d 1201, 1206 (S.D. Fla. 2005) ("the privilege to interference enjoyed by a party that is integral to the business relationship is not absolute. The privilege is divested when the defendant acts solely with ulterior purposes and the

---

[3] Whether Krein has a valid defense based on his relationship with Sellstate is a question of fact for the fact-finder, something which is inappropriate to determine on a motion to dismiss. *See Furlev Sales and Associates v. North American Automotive Warehouse, Inc.*, 325 N.W. 2d 20, 27 (1982) (justification for interference is a question for jury resolution); *Metge v. Central Neighborhood Improvement Ass'n,* 649 N.W.2d 488, 500-501 (2002) ("ordinarily, whether interference is justified is an issue of fact, and the test is what is reasonable conduct under the circumstances") (*citing Kjesbo*, 517 N.W.2d at 588 (Minn. 1994)).

advice is not in the principal's best interest).

In short, and without a doubt, Plaintiffs have sufficiently pled a claim for tortious interference with contract against Krein. *See Bray & Gillespie Management, LLC v. Lexington Ins. Co.*, 527 F.Supp.2d 1355, 1368 (M.D. Fla. 2007) ("Claims for tortious interference do not have to be pled with specificity…under the Federal Rules a plaintiff is only required to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, the Motion should be denied.

### C. Krein's Agreement With Sellstate Is Not Central To Plaintiff's Claims.

Krein futilely attempts to bolster his position by attaching a copy of his SRA with Sellstate to his Motion. Under the Federal Rules of Civil Procedure, when matters outside the pleadings are presented to and not excluded by the court in connection with consideration of a Rule 12(b)(6) motion, the motion shall be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b). However, in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 700 (8th Cir. 2003) (*citing Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)). Matters outside the pleadings such as contracts **upon which a claim rests** are "evidently embraced by the pleadings." *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698, fn. 4 (8th Cir. 2003) (emphasis supplied).

Here, Krein's SRA is **not** central to Plaintiffs' claims against Krein, nor does

7

Plaintiffs' tortious interference claim rest upon Krein's SRA. Plaintiffs' Complaint states that Krein "actively solicited at least one Minnesota realtor, whom he intended to secure as a franchisee for Sellstate;" "intentionally procured a breach of Plaintiffs' Area Representative Agreement" by "soliciting the sale of prospective Sellstate franchises…in Minnesota;" and agreed to "supplant" Plaintiffs as area representatives. *See* Complaint, ¶45, 113. Thus, it is Krein's *conduct* of soliciting sales of prospective franchisees in Plaintiffs' exclusive territory, and agreeing with Sellstate to "supplant" Plaintiffs as Area Representatives that constitutes the tortious actions complained of. Krein's written agreement with Sellstate is, therefore, irrelevant to whether Krein tortiously interfered with Plaintiffs' Area Representative Agreement.[4]

In the event that this Court looks beyond the four corners of the Complaint and considers Krein's SRA on a motion to dismiss, Krein's SRA actually supports Plaintiffs' claim for tortious interference for the following reasons. First, the SRA expressly disclaims any agency relationship with Krein. *See* SRA at §16 ("it is not the intention of either party to make you in any sense our agent…"). This particular disclaimer in Krein's SRA purges Krein's argument that he cannot be considered a third party to Plaintiffs' Area Representative Agreement with Sellstate.

Second, Krein contends that Plaintiffs' exclusive territory was specifically carved out of the SRA and, thus, the SRA contradicts Plaintiffs' allegations. *See* Motion, pp. 5-

---

[4] Indeed, Plaintiffs did not attach a copy of Krein's Sales Representative Agreement to the Complaint because it was not in their possession. Even if Plaintiffs had access to the Sales Representative Agreement, Plaintiffs did not need to attach it because Plaintiffs are not pursuing a breach of contract claim against Krein.

6. Specifically, Section 1(a) of the SRA states, in pertinent part, as follows:

> Before you can offer a franchise to a person to be located in an area already granted to an area representative, the parties must reach a satisfactory agreement with the area representative in whose territory the franchise will be located.

*See* SRA at §1(a).

Since the SRA did, in fact, require Sellstate and Krein to reach an agreement with Plaintiffs prior to Krein's solicitation of prospective franchisees in Plaintiffs' exclusive territory, Krein went beyond the scope of his SRA and ultimately procured a breach of Plaintiffs' Area Representative Agreement with Sellstate.  This, in fact, strengthens Plaintiffs' claim that Krein went *outside* his agency relationship to tortiously interfere with Plaintiffs' agreement with Sellstate.  *Lexington Ins. Co.*, 527 F.Supp.2d at 1368 (when an agent acts outside the scope of agency or not in the principal's best interest he may properly be considered a third party for the purpose of a tortious interference claim). Further, Sellstate's brazen statements to Plaintiffs that Plaintiffs had a "responsibility" to "work out a deal with Krein" is the final nail in the coffin because Krein's SRA materially dilutes Plaintiffs' rights under the Area Representative Agreement with Sellstate.  *See* Complaint, ¶46.  If there was ever a clear case of tortious interference, this is it.

## **CONCLUSION**

Based on the foregoing, Plaintiffs, JOHN ELLERING, KAREN ELLERING, SELECT ASSOCIATES REALTY, LLC, and EJK, INC., respectfully request that this Honorable Court enter an Order: (i) denying Defendant Michael Krein's Motion to Dismiss Amended Complaint; and (ii) granting such other and further relief as this Honorable Court deems just and proper.

Dated: November 11, 2010

ZARCO EINHORN SALKOWKI & BRITO, P.A.

By: s/ Himanshu M. Patel
Robert Zarco (Fla. #502138)
Robert M. Einhorn (Fla. #858188)
Himanshu Patel (Fla. #0167223)
Attorneys for Plaintiffs
100 SE 2nd Street, Suite 2700
Miami, Florida 33131
(305) 374-5418
rzarco@zarcolaw.com
reinhorn@zarcolaw.com
hpatel@zarcolaw.com

**AND**

SEVERSON, SHELDON, DOUGHERTY
& MOLENDA, P.A.


William M. Topka, MN #0339003
Robert B. Bauer, MN #227365
 Attorneys for Plaintiffs
7300 West 147th Street, Suite 600
Apple Valley, Minnesota 55124
(952) 432-3136
topkaw@seversonsheldon.com
bauerr@seversonsheldon.com