UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John Ellering, *et al.*,

                        Plaintiffs,

                                              Civ. No. 10-1025 (RHK/LIB)
                                              **MEMORANDUM OPINION**
                                              **AND ORDER**

v.

Sellstate Realty Systems Network, Inc.,
*et al.*,

                        Defendants.

---

Robert Zarco, Robert M. Einhorn, Himanshu M. Patel, Zarco Einhorn Salkowki & Brito, P.A., Miami, Florida, William M. Topka, Robert B. Bauer, Severson, Sheldon, Dougherty & Molenda, P.A., Apple Valley, Minnesota, for Plaintiffs.

Justin P. Short, Robert L. Meller, Best & Flanagan LLP, Minneapolis, Minnesota, Scott A. Beatty, Henderson, Franklin, Starnes & Holt, PA, Fort Myers, Florida, for Defendants.

---

## INTRODUCTION

This action arises out of an agreement between Plaintiffs John and Karen Ellering and Defendant Sellstate Realty Systems Network, Inc. ("Sellstate"), a real-estate franchise company, granting the Ellerings the exclusive right to sell Sellstate franchises in Minnesota. The Ellerings (and two related entities) have sued Sellstate, its Executive Director of National Franchising, Michael Krein, and two other Sellstate officers, alleging a violation of the exclusivity clause in the agreement. Presently pending before the Court is Krein's Motion to Dismiss. For the reasons set forth below, the Motion will be granted.

## BACKGROUND

The Complaint alleges the following facts: Sellstate, a Florida corporation headquartered in Fort Myers, Florida, is a national franchisor of real-estate sales offices. (Compl. ¶¶ 5, 22.) It sells individuals and businesses the right to use the Sellstate name and "system" of operating procedures for real-estate sales. (Id. ¶ 22.)

The Ellerings are Minnesota residents with "substantial real estate sales experience." (Id. ¶ 23.) In 2006, they learned of Sellstate and began to investigate the company to determine whether they wanted to become part of the Sellstate system. (Id. ¶¶ 23-24.) In the course of their investigation, they visited Sellstate's website, which contained numerous misrepresentations about the company. (Id. ¶ 24.) In November 2006, they received an e-mail from Sellstate offering them a "once in a lifetime opportunity" to purchase a "Master Sellstate Territory" in Minnesota. (Id. ¶ 25.) They contend that this e-mail also contained numerous misrepresentations about Sellstate. (Id. ¶ 26.) After receiving the e-mail, the Ellerings traveled to Florida to meet with Defendant Arthur Darmanin, Sellstate's Chief Executive Officer, and Neil Creswell, Sellstate's President. (Id. ¶¶ 6-7, 27.) During that meeting, Darmanin and Creswell made numerous false representations concerning the Sellstate system and the profits the Ellerings could expect to make as part of the company. (Id. ¶¶ 28-34.)

As a result of these (and other) misrepresentations, in February 2007 the Ellerings entered into an Area Representative Agreement with Sellstate, pursuant to which they were granted "the exclusive right to represent . . . Sellstate in procuring prospective franchisees to operate Sellstate franchised businesses in the State of Minnesota." (Id.

¶ 36; see also Answer Ex. A, ¶ 1.)[1] The Ellerings then assigned their rights in the agreement to Plaintiff EJK, Inc. ("EJK"), which appears to be a company owned by the Ellerings. (Id. ¶ 38.) They also obtained a Sellstate franchise through a real-estate company they formed, Plaintiff Select Associates Realty, LLC ("Select Associates"). (Id. ¶ 39.)

In July 2007, Krein joined Sellstate as its Executive Director of National Franchising. (Id. ¶ 42.) Sellstate transferred to Krein its national franchise rights, and he subsequently "solicited at least one Minnesota realtor, whom he intended to secure as a franchisee for Sellstate." (Id. ¶¶ 43-45.) When the Ellerings asked about the arrangement between Sellstate and Krein, Darmanin and Creswell informed them that it was their responsibility to "work out a deal with Krein." (Id. ¶ 46.) Plaintiffs claim that "the agreement between Krein and Sellstate, which permitted Krein to solicit prospective franchisees in [] Minnesota, resulted in a breach of [the] Area Representative Agreement." (Id. ¶ 47.)

On March 30, 2010, Plaintiffs commenced the instant action. The Complaint asserts nine claims, eight of which sound in misrepresentation, breach of contract, and violation of various state laws and are alleged against Sellstate, Darmanin, and/or Creswell only – that is, not against Krein. The remaining claim in the Complaint, Count IX, is lodged against Krein alone and alleges that he tortiously interfered with the Area

---

[1] As discussed in more detail below (see infra n.3), although the Area Representative Agreement is not attached to the Complaint, the Court may consider it because the Complaint expressly references it.

Representative Agreement. Krein now moves to dismiss that claim under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a Rule 12(b)(6) motion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Rather, the complaint must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Stated differently, the plaintiff must "assert facts that affirmatively and plausibly suggest that [he] has the right he claims . . . , rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 554–57).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., __ F.3d __, 2010 WL 5059594, at *7 (8th Cir. Dec. 13, 2010) (citing Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. Twombly, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. Accordingly, a

well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely.  Id.

## ANALYSIS

As set forth above, the lone claim asserted against Krein is Count IX, which alleges that he tortiously interfered with the Area Representative Agreement.  Under Minnesota law,[2] tortious interference requires (1) the existence of a contract, (2) a third party's knowledge of that contract, (3) intentional procurement of the contract's breach by the third party, (4) lack of justification for the third party's actions, and (5) damages to the plaintiff.  E.g., Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (citing Kallok v. Medtronic, Inc., 573 N.W.2d 356, 362 (Minn. 1998)).  Krein argues, *inter alia*, that Plaintiffs' claim falters on element (3), because they cannot show that Sellstate breached the Area Representative Agreement.  The Court agrees.

To support their claim, Plaintiffs allege that Krein "intentionally solicit[ed] the sale of prospective Sellstate franchisees in Plaintiffs' exclusive territory," which ostensibly amounted to a breach of the Area Representative Agreement.  (Pl. Mem. at 4.) Yet, Plaintiffs acknowledge that in undertaking such conduct, Krein was acting *on his own behalf*, and not as an agent of Sellstate.  (See id. at 6 (arguing that Krein acted "outside the scope of his corporate capacity" and "for his own personal benefit"); id. at 8; see also Compl. ¶¶ 43-47.)  This argument is borne of necessity.  Had Krein undertaken such conduct as Sellstate's agent, the conduct would be imputed to the company – in

---

[2] The parties agree that Minnesota law governs Count IX.  (See Def. Mem. at 4; Pl. Mem. at 3 & n.2.)

other words, *his* actions would be *Sellstate's* actions as a matter of law.  See, e.g., Fahrendorff *ex rel.* Fahrendorff v. N. Homes, Inc., 597 N.W.2d 905, 910 (Minn. 1999); Wenzel v. Mathies, 542 N.W.2d 634, 642 (Minn. Ct. App. 1996).  This would scuttle Plaintiffs' tortious-interference claim, because it is well settled in Minnesota (and elsewhere) that "a party cannot interfere with its own contract."  Nordling v. N. States Power Co., 478 N.W.2d 498, 505 (Minn. 1991).

Yet, by asserting that Krein acted outside the scope of his agency with Sellstate, Plaintiffs have doomed their claim, because they cannot show that *Sellstate* breached the Area Representative Agreement.  In other words, the conduct they assail is chargeable to Krein alone, as he was acting in his individual capacity; Sellstate bears no responsibility for it.  Thus, Plaintiffs have pleaded themselves out of court.  Their allegations necessarily establish that there has been no breach by the company, a defect fatal to their assertion of tortious interference.

Moreover, the breach they allege is contradicted by the language of the Sellstate-Krein agreement itself.  That agreement provides that Krein may "offer franchises to potential franchisees directly within the United States of America, *except . . . where we have granted an Area Representative Agreement*."  (Meller Aff. Ex. A, ¶ 1 (emphasis added).)  In other words, the terms of the agreement challenged by Plaintiffs prohibited Krein from soliciting franchisees in their exclusive territory.  It makes no difference that Plaintiffs allege that Krein flouted that restriction by offering Sellstate franchises in

Minnesota. Even if that were true, Plaintiffs could not foist that conduct onto *Sellstate* when it expressly prohibited such conduct in its agreement with Krein.[3]

At bottom, Plaintiffs find themselves on the horns of a dilemma. They cannot allege that Krein's conduct occurred while acting as Sellstate's agent, because doing so would mean that Sellstate interfered with its own contract. But by asserting to the contrary, Plaintiffs have failed to allege a breach of the Area Representative Agreement by Sellstate, a prerequisite to their tortious-interference claim. In other words, regardless of whether Krein was (or was not) acting on Sellstate's behalf, Plaintiffs cannot show tortious interference. Count IX, therefore, must be dismissed.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant Michael Krein's Motion to Dismiss (Doc. No. 27) is

---

[3] Plaintiffs assert that the Court must disregard the Sellstate-Krein agreement when resolving the instant Motion (Pl. Mem. at 7-9), but their argument lacks merit. When considering a motion to dismiss, the Court "may . . . consider . . . materials that are *necessarily embraced* by the pleadings," Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003) (emphasis added), including "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003); accord, e.g., Moratzka v. Morris (In re Senior Cottages of Am., LLC), 482 F.3d 997, 999 n.4 (8th Cir. 2007) ("In assessing the adequacy of a complaint, we may consider documents incorporated by reference in the pleadings."). On multiple occasions, the Complaint expressly references the Sellstate-Krein agreement, even though that agreement is not attached thereto. (See Compl. ¶¶ 43-44, 46-48, 74.) For this reason, Krein submitted a copy of that agreement to the Court (see Meller Aff. Ex. A), and Plaintiffs have nowhere challenged the authenticity of that document. Accordingly, the Court will consider it when evaluating Krein's Motion.

**GRANTED**, and Count IX of the Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

Dated: January 19, 2011                     s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge