# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John Ellering, *et al.*,

                                   Plaintiffs,

                                                      Civ. No. 10-1025 (RHK/LIB)
                                                      **ORDER**
v.

Sellstate Realty Systems Network, Inc.,
*et al.*,

                                   Defendants.

This matter is before the Court *sua sponte*.

This action arises out of an agreement between Plaintiffs John and Karen Ellering

and Defendant Sellstate Realty Systems Network, Inc. ("Sellstate"), a real-estate

franchise company, granting the Ellerings the exclusive right to sell Sellstate franchises

in Minnesota. The Ellerings and two related entities (collectively, "Plaintiffs") have sued

Sellstate and two of its officers (collectively, "Defendants"), asserting in their First

Amended Complaint eight claims sounding in fraud, breach of contract, and violation of

various state statutes.

On May 11, 2011, Defendants filed a Motion to Dismiss (Doc. No. 72) Count VIII

of Plaintiffs' First Amended Complaint; they filed a nine-page Memorandum in support

of their Motion that same day (Doc. No. 74). On May 17, 2011, Defendants filed a

Motion for Summary Judgment (Doc. No. 83) on *all* of Plaintiffs' claims, along with a

supporting Memorandum (Doc. No. 85). In that Memorandum, Defendants

"incorporate[d] the arguments contained in their Motion to Dismiss" Count VIII without repeating those arguments therein.  (See id. at 17.)  Meanwhile, Plaintiffs cross-moved for summary judgment on Count VIII on May 17, 2011.  (See Doc. No. 88.)

By separately moving to dismiss Count VIII and then incorporating by reference the arguments from that Motion into their Motion for Summary Judgment, Defendants could easily avoid Local Rule 7.1(d)'s 12,000-word limit for dispositive motions.  The Court does not believe this is appropriate.  Indeed, Local Rule 7.1(b)(4) provides that "[m]ultiple motions for summary judgment (or partial summary judgment) filed by a single party at or about the same time will be considered as a single motion for purposes of" the word limitation.  Accordingly, the Court will count the 1,951 words in Defendants' Memorandum in Support of their Motion to Dismiss (Doc. No. 74) toward the 12,000-word limit.  When combined with the 5,887 words in Defendants' Memorandum in Support of their Motion for Summary Judgment (Doc. No. 85), they have expended 7,838 words, leaving them 4,162 remaining.

Moreover, now that Defendants have incorporated their dismissal arguments into their Motion for Summary Judgment, the Motion to Dismiss has been rendered moot. The parties should address the arguments contained in the Motion to Dismiss as part of their summary-judgment submissions.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that (1) Defendants' Motion to Dismiss (Doc. No. 72) is **DENIED AS MOOT** and (2) Defendants' Reply Memorandum in support of their summary-judgment

Motion shall not exceed 4,162 words.


Dated: May 20, 2011                          s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge